JULIA BAKER v. PEAVY-WILSON LUMBER COMPANY.

192 So. 193
Division A
Opinion Filed November 28, 1939
Rehearing Denied December 8, 1939

*G. P. Garrett* and *Lawrence Rogers,* for Plaintiff in Error;

*Maguire & Voorhis* and *Ellis F. Davis,* for Defendant in Error.

TERRELL, C. J.—In a common-law action for the negligent death of a minor son, plaintiff in error recovered a judgment against defendant in error which on motion was set aside and a new trial was granted. This writ of error is to the order granting the new trial.

Plaintiff in error contends that the trial judge granted the new trial because he differed from the jury as to the credibility of the witnesses and as to the probative effect of the evidence.

The order granting the new trial shows that four elements were in the mind of the court when he made it, viz.: (1) Sufficiency of his charge as to the effect of the plea of contributing negligence; (2) refusal of defendant's plea as to presumption of the death of plaintiff's husband; (3) the verdict was contrary to the weight of the evidence and (4) justice requires that a new trial be granted.

No error was committed in refusing defendant's plea as to death of plaintiff's husband. We are mindful of the statute, Section 7049, Compiled General Laws of 1927, providing that "the father of such minor child or if the father be not living, the mother, may maintain an action for the wrongful death," but here the record shows that the father deserted his family in 1925 and has not since been heard of by the mother, a period of fourteen years in which he contributed nothing to the support of his family and in fact so far as they know, he is dead.

It is further shown that plaintiff's deceased minor child had not quite attained his seventeenth birthday at the time of his death, that he was an apt negro boy of good character, that he was making about two dollars per day, was contributing liberally to the support of his mother at the time

of his death, and had been for some time, that his mother, the plaintiff, had raised him and had been entirely responsible for his upbringing.

Under such circumstances, we will indulge the presumption that the right of action was in the mother and that so far as this action is concerned, the father is dead. Any other view would amount to a denial of any right of action on the part of the mother.

As to the other grounds on which the new trial was granted, we cannot say that the trial court abused his discretion. While we express no opinion as to the weight or sufficiency of the evidence, neither is the trial judge permitted to weigh the evidence, yet he does not exceed his prerogative in finding that justice demands that the cause be submitted to another jury.

His judgment is therefore affirmed but with directions that on the doing down of the mandate, he may reconsider his judgment in the light of this opinion and after doing so, if he feels that his order granting a new trial was unwarranted, he is authorized to set it aside and overrule the motion.

·Affirmed with directions.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.