JULIA BAKER, Plaintiff in Error, v. PEAVY-WILSON LUMBER COMPANY, INC., Defendant in Error.

200 So. 528
En Banc
Opinion Filed February 21, 1941

218

*George P. Garrett,* and *Lawrence Rogers,* for Plaintiff in Error;

*Ellis F. Davis* and *Maguire, Voorhis & Wells,* for Defendant in Error.

PER CURIAM.—This case is before us on petition for leave to file in the court below a petition for writ of error *coram nobis* to review a judgment which was directed by this Court to be entered in the court below. See our opinion and judgment filed herein on November 22, 1940.

Before the last trial of this cause the defendant filed two pleas, as follows:

"1.   That the husband of plaintiff Julia Baker, namely, the father of L. B. Baker, is not dead.

"2.   That plaintiff Julia Baker's husband, namely, the father of L. B. Baker, is living, and that there is no right of action in plaintiff under Section 7049, C. G. L."

Defendant endeavored to prove the allegations of those pleas on the trial but failed to offer convincing evidence or proof.   Its petition here alleges that on April 30, 1940, the said Henry Baker was actually located and produced.

The issues presented by the pleas above quoted were issues tendered by the defendant to be tried on the trial of the cause.   The defendant now seeks to retry those issues presented by those pleas on writ of error *coram nobis.*   Neither newly discovered evidence upon issues already heard and determined, nor facts newly arising after judgment, are ground for relief on writ of error *coram nobis.*   Facts which

were in issue and adjudicated upon the trial cannot be re-tried on writ of error *coram nobis.* See 34 C. J. 397, Sections 613, 614; Jennings v. Pope, 101 Fla. 476, 136 Sou. 471; Lamb v. State, 91 Fla. 396, 107 Sou. 535. This rule must be adhered to although it may be shown that the party applying for writ of error *coram nobis* will be able to produce most convincing evidence which was not available at the time of the trial to support the issues made by the pleadings.

Petition denied.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.