PEAVY-WILSON LUMBER COMPANY, a Corporation, v.
JULIA BAKER

4 So. (2nd) 333
En Banc
Opinion Filed October 21, 1941
Petition for Rehearing Withdrawn November 5,
1941.

*Ellis F. Davis* and *Maguire, Voorhis & Wells,* for Plaintiff in Error;

*George P. Garrett* and *Lawrence Rogers,* for Defendant in Error.

THOMAS, J.—The reader should refer to the reports for the history of this litigation, this being its fifth appearance here, twice upon writ of error (see Baker v. Peavy-Wilson Lumber Company, 140 Fla. 791, 192 So. 193, 145 Fla. 116, 199 So. 323), once upon application for writ of error *coram nobis* (Baker v. Peavy-Wilson Lumber Company, 146 Fla. 217, 200 So. 528) and once upon petition for writ of mandamus. We shall in the course of this decision give only such part of the former record as is necessary to a determination of the writ of error presently under consideration.

It will be seen that this court formerly held, on the first occasion, that there was no error on the part of the trial court in disallowing the defendant's "plea as to presumption of the death of plaintiff's husband," one of the apparent reasons for granting the new trial. The capacity of the mother to sue for injury resulting from the loss of a son was recognized in circumstances where the father had deserted the family and had remained absent for a period of fourteen years. It was said that no abuse of discretion occurred in granting a new trial, the judge of the lower court having the conviction that justice demanded it and

the right was reserved to him to reverse his ruling
if, "in the light of this [the Supreme Court's] opinion"
he concluded that a new trial was not justified.

The court adhered to the original order granting
the motion and the case was again submitted to the
jury with the result that a verdict was found for the
plaintiff.

Meanwhile a plea had been interposed before the
second trial alleging that the father lived. Within
the time allowed by law motion for new trial was
again made and before the ruling on it, but after the
time for filing an original motion had elapsed, an
amendment was offered setting out that defendant
could produce evidence establishing the existence of
the father. After hearing the evidence lately found
by the defendant the court granted the motion upon
the ground presented by the amendment, as we inter-
pret the record, which we, in the second appeal,
decided to have been offered too late to be of any
effect. As a consequence the order was reversed with
directions to enter a judgment for the plaintiff *"unless
motion in arrest of judgment or for judgment non
obstante veredicto should be made and prevail."* Final
judgment was thereupon entered in favor of the
plaintiff and it bore the recital that a motion in arrest
of judgment and one for judgment *non obstante vere-
dicto* had been denied.

The language we have italicized has given rise to
the questions now confronting us.

It was our clear mandate that judgment be entered
for the plaintiff, as was done, and it was equally
certain that there should be one exception, namely, a
favorable ruling by the trial court on a motion in
arrest or for judgment notwithstanding the verdict.

To state it somewhat differently the errors, which plaintiff in error insisted were present in the record of the last trial had been reviewed and disposed of by us and nothing remains for our consideration in the present appeal except those matters which were reachable by the motions presented under our opinion and denied by the trial court.

The phraseology which we have stressed was not any indication of our views with reference to this particular controversy but was taken almost verbatim from the statute on the subject, 4615 C.G.L., 1927. An examination of this law will disclose that the appellate court is required, in the event of appeal from an order granting a new trial and reversal of it, to direct entry of judgment in the absence of a favorable ruling in an attempt to arrest or to secure judgment regardless of a contrary verdict.

A motion to arrest is one which can, according to numerous opinions of this court on the subject, among them Ball Brothers v. Holland, 76 Fla. 268, 79 So. 635, apply only to matters appearing on the face of the record. It is the position of the plaintiff in error that the motion here was well founded because of: (1) the averment in declaration that the husband was dead; (2) the positive assertion in the plea that he was alive; and (3) that certain motion made by the defendant in error after the last trial and before the ruling of the court on the motion for new trial. In order that the last of these bases may be better understood it is well to state that within the week after the testimony was taken, anent the amendment to the motion for new trial setting up discovery of the existence of the father, the defendant in error filed an application to substitute the father for the mother,

he having then been produced as a witness, in the event the court was "of the opinion that the proceedings ought to be amended so that [he] should appear as plaintiff" in the cause. There was attached an assignment of the claim from the husband to the wife.

The declaration and the plea were before this court when it reviewed the action of the judge in granting a new trial. The trial court apparently was not requested to rule upon the application for the substitution.

A motion for a new trial is not a part of the record proper (Holstun & Son v. Embry, 124 Fla. 554, 169 So. 400) and, therefore, an abortive amendment to one could not be so classified. In this situation it would be inconsistent to hold that the motion for new trial, the proposed amendment and the testimony supporting the latter should be ignored and a final judgment notwithstanding them entered in accordance with our mandate and then rule that the very judgment so ordered should be arrested because an application for substitution, undetermined by the court, obviously prompted by testimony of the existence of the father, should be considered a part of the record to show that the judgment was improper and should be set aside. We have the view that the motion for substitution in these circumstances was not entitled to be denominated a part of the record and could not be relied upon to show an inconsistency in the judgment.

It is apparent from a study of the law on the subject that at common law judgments *non obstante veredicto* were available only to plaintiffs. Professor Crandall, in his book on common-law practice, points out that such a judgment was one upon confession

where issue was formed upon a plea of confession and avoidance sufficient in the former element, insufficient in the latter. He wrote that whenever a plea was inept as a confession the remedy was by motion for repleader, but if the plaintiff's pleading did not support a verdict the defendant should move in arrest of judgment. This distinction seems particularly pertinent in view of the statute which we quoted at the outset of the opinion because we apprehend that the principal reason for its provisions that either motion might be made was to preserve until final action by the appellate court the right of making the motion appropriate to the unsuccessful party, whether plaintiff or defendant. This matter is treated thoroughly in a comparatively recent opinion by Mr. Justice BROWN, Dudley v. Harrison, McCready & Co., 127 Fla. 687, 173 So. 820. In that decision the court, speaking through him, recognized the availability of the motion only to a plaintiff and reiterated that common-law pleading is followed in the courts of this state except where modified by statute. It was stated also that the motion must be based entirely upon matters apparent from the face of the record and that evidence may not be examined to determine it. There appears in the last cited case recognition of this common-law rule and in our search we have found no decision expressly relaxing these regulations.

In another of our decisions, Atlantic Coast Line R. Co. v. Canady, 122 Fla. 447, 165 So. 629, appeared the terse statement that at common law such judgment "could never be entered for the defendant," but that in Pillet v. Ershick, 99 Fla. 483, 126 So. 784, an exception was made to the ruling "where a plea setting up a meritorious defense has been fully sustained and

not met by the plaintiff, or where the declaration fails to state a cause of action, but a verdict is nevertheless found in favor of the plaintiff." In Weis-Patterson Lumber Co. v. King, 131 Fla. 342, 177 So. 313, this court quoted a part of the opinion in Atlantic Coast Line R. Co. v. Canady, *supra,* on the availability to the plaintiff only of a motion for a judgment notwithstanding the verdict and followed the quotation with the statement that the rule had been relaxed in the event of pleas setting up a meritorious defense fully sustained and not met by the plaintiff, or where the declaration failed to state a cause of action, verdict having been entered for the plaintiff and referred to the latter case as authority. Thus, it will be seen that the exception to the rule recognized in Weis-Patterson Lumber Co. v. King was based on the holding in Atlantic Coast Line R. Co. v. Canady, both *supra,* by which we trace it to Pillet v. Erschick, *supra,* which we now proceed to examine.

There it was said that this rule had not been changed except as it was affected by Sec. 4615, C.G.L., 1927, as construed by the court. A close examination of the facts set out in the opinion and the discussion of the court will reveal that a judgment in favor of the defendant was affirmed and that there was an explicit ruling that a judgment in favor of the defendant notwithstanding the verdict would have been improper "not only because there was evidence to support the plaintiff's declaration, but because a judgment of that kind is applicable, *if at all* in this state, where a plea setting up a meritorious defense has been fully sustained and not met by the plaintiff, or where the declaration fails to state a cause of action but a verdict is nevertheless found in favor

of the plaintiff" (italics supplied). In our research we have traced through the decisions of this court the recognition given to the common-law rule and we have noted the mention made of the exception. It may be that some confusion has been caused by reference to the pronouncement in Pillet v. Ershick, *supra,* especially when read in the light of what the court said in Dudley v. Harrison, McCready & Co., *supra.* If any such uncertainty does exist we now announce that the common-law rule, unqualified, is in vogue in this state and that anything that has been written to the contrary is overruled.

We do not construe Sec. 4615, C.G.L., 1927, as affecting in anywise the scope and purpose of such motions and we feel that a cursory examination will show that it dealt only with the time that such motion should be made and the provision for them which should be included in an order of this court reversing a ruling on an order granting a new trial.

We are not unmindful of the case of Williams v. Hines, 80 Fla. 690, 86 So. 695, where a motion *non obstante veredicto* was granted on behalf of the Director General of Railroads in a suit against him and the engineer of a train where the latter was found not to be negligent, yet a verdict was rendered against the former. There is no inconsistency between the decision in that case and this one because there was no challenge to the procedure followed.

Summarizing, motions in arrest of judgment and for judgment *non obstante veredicto* must be based on matters appearing on the face of the record; the latter is non available to the defendant in a case and in the instant controversy the circuit judge was correct when he denied the motions offered by the

defendant in the lower court and entered judgment, therefore, the judgment is affirmed.

BROWN, C. J., TERRELL, BUFORD and CHAPMAN, J. J., concur.