CURTIS L. BROWN, v. HONORABLE NATHAN MAYO, Prison Custodian of Florida.

23 So. (2nd) 273                                    June Term, 1945
September 21, 1945                                    Division A

*Curtis L. Brown,* in proper person, for petitioner.

*J. Tom Watson,* Attorney General, and· *Reeves Bowen,* Assistant Attorney General, for respondent.

BUFORD, J:

This case was before us on July 31, 1945, upon petition of Brown to be discharged from custody of the State Prison.

The petition showed the pertinent facts to be that Brown was convicted on May 1st, 1939, and sentenced to serve a period of three (3) years in State Prison and, at the same time was convicted on another charge and sentenced to serve a period of four (4) years to commence at the end of the service of the three (3) years sentence and on May 22, 1939, was convicted on another charge and sentenced to serve two (2) years beginning to run at the expiration of the second sentence above referred to.

The petition admits that the sentences ran consecutively, beginning on May 1st, 1939, and that the accumulated sentences amounted to the period of nine years. The petition was denied.

The Attorney General has now filed petition asking clarification of our order, which petition in effect requests us to construe Sec. 954.06, Fla. Statutes 1941, which, inter alia, is as follows:

"954.06 Gain Time for Good Conduct.—The commissioner of Agriculture shall keep a record of the conduct of each prisoner. Commutation of time for good conduct shall be granted by the board of commissioners of state institutions, or in case of those prisoners known as county prisoners, by the board of county commissioners, and the following deductions shall be made from the term of sentence when no charge of misconduct has been sustained against a prisoner, viz: Five days per month off the first and second years of the sentence; ten days per month off the third and fourth years of the sentence; fifteen days per month off the fifth and all succeeding years of the sentence. A prisoner under two or more cumulative sentences shall be allowed commutation as if they were all one sentence.

"For each sustained charge of escape or attempted escape, mutinous conduct or other serious misconduct all the commutation which shall have accrued in favor of the prisoner up to that day shall be forfeited, except that in case of escape if the prisoner voluntarily returns without expense to the State, then such forfeiture may be set aside by the board of commissioners of state institutions if in their judgment his subsequent conduct entitles him thereto."

Assuming the statute is not invalid because of a possible conflict with Sec. 12 of Article IV of our constitution, which question is neither presented nor determined in this case, we construe its provisions to be that the convict is entitled to commutation of his sentence on good behavior and is entitled to credit on his sentence for gain time as and when he earns it. In other words, the gained time as earned by good behavior is to be deducted from the latter part of his sentence. This is true because under the statutes, the Board of Commissioners of State Institutions is not required to allow the commutation credit until the records required to be kept by the Commissioner of Agriculture shall have shown the convict to be entitled to receive the credits resulting from good behavior as gained time. If the convict shall have served, we will say, four years and has earned a gain time credit of 360 days and on the last day of four years service he escapes, he thereby forfeits the 360 days gain time but when he is recaptured and shall have served the fifth year of his sentence with a record of good conduct he will be entitled to a credit for such fifth year of service of 180 days gain time.

During the first and second years of his sentence the convict would earn 120 days gain time. In this instance the convict had sentence time amounting to 3285 days. Giving him credit for his gain time (120 days) and the two years served (730 days) would leave him 2435 days to serve. At the end of the fourth year he had earned an additional 240 days which, with the two additional years served, would give him additional credit for 970 days and would leave him 1465 days to serve. At the end of the fifth year he was entitled to a credit of 180 days which, added to the fifth year served, would make an additional credit of 545 days which would

leave 920 days to be served. At the end of the sixth year he would be entitled to credit of 180 days which added to the sixth year served would be 545 days. This taken from the 920 days would leave 375 days to be served which would be 10 days more than one year, or twelve months and ten days. For each month of this time served he would be entitled to credit of 45 days, including gain time. 375 days divided by 45 would be 8.33 which being expressed in months and days would be 8 months and 10 days.

So the conclusion is that the petitioner is required to serve 6 years, 8 months and 10 days from May 1, 1939, and his sentence (assuming the statute to be valid, which we do not now determine) including credit for gain time, will expire January 10, 1946.

Therefore, petitioner is not entitled to discharge at this time.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.