EX PARTE: ALBERT R. HOUSE

31 So. (2nd) 633                          June Term, 1947
July 25, 1947                                 Division B
Rehearing denied September 5, 1947.

*Albert House,* in proper person, for petitioner.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for respondent.

BUFORD, J.:

In this matter Albert R. House who is now confined in the State Prison at Raiford, Florida, has presented his petition supported by affidavit praying that this Court issue its Order granting him leave to file application for writ of error coram nobis in the Criminal Court of Record of Hillsborough County, Florida, wherein he alleges that he was convicted on a plea of guilty in the Criminal Court of Record of Hillsborough County on September 11, 1925, in a certain case numbered 259. The burden of his petition is that the judgment and sentence of the court were void because he was persuaded by the Sheriff of Hillsborough County and his deputies and by the County Solicitor of Hillsborough County to enter the plea of guilty without advice of counsel and by coercion or promises or deception of the law officers of Hillsborough County.

The matters and things set up in the petition are alleged to have occurred on or before September 11, 1925, and therefore, have at all times been within the knowledge of said Albert R. House.

There has probably never been one individual whose name has appeared more often on the dockets of our courts than has that of this petitioner. His various appearances in con-

nection with this conviction are shown to be as follows: He was convicted in the Criminal Court of Record of Hillsborough County on the 11th day of September, 1925, under four separate charges. There was no appeal from that judgment at that time. On December 14, 1935, the Supreme Court of Florida held, in a habeas corpus proceeding instituted by House, that the sentences imposed upon him in 1925 by the Criminal Court of Record of Hillsborough County in cases numbered 231, 233, 238 and 259, were void because there had been no adjudication of guilt. See State ex rel. House v. Mayo, 122 Fla. 23, 164 So. 673. On February 22, 1936, the said Criminal Court of Record adjudged House guilty in cases numbered 238, 259 and 233, and imposed the following sentence:

20 years in Case No. 238; 20 years in Case No. 259, to begin at the expiration of the sentence in Case No. 238; 10 years in Case No. 233, to begin at the expiration of the sentence in Case No. 259. (No new sentence was imposed in Case No. 231.)

House appealed and the Supreme Court affirmed on February 17, 1937. House v. State, 127 Fla. 145, 172 So. 734; 127 Fla. 151, 172 So. 736; 127 Fla. 151, 172 So. 736.

The appeal record shows that when House was carried before the said Criminal Court of Record on February 22, 1936, being represented by counsel, he filed a motion to withdraw his plea of guilty in Case No. 259 and substitute a plea of not guilty. Said motion claimed that when he pled guilty in 1925 he was deprived of the opportunity to consult counsel employed by him.

He testified in support of his motion. Although his motion said nothing about any persuasion, promises, coercion or undue influence having been used to procure him to plead guilty, he testified that County Solicitor Chancey told him that he, Chancey believed it would be best for him, House, to plead guilty, that House would probably get off much lighter than if he pled not guilty. On the other hand, County Solicitor Chancey denied that he advised House to plead guilty and said that, to his recollection, he didn't know that House was going to plead guilty until he was arraigned in open court.

The principal reason which he gave in his testimony as to why he pled guilty was that he thought he could help his co-defendants. The court denied the motion. He then prosecuted appeal here. House assigned as error the denial of the motion and argued the assignment under Question 4 in his brief.

On December 18, 1937, the Supreme Court denied House's petition for leave to apply to the Trial Court for Writ of Error Coram Nobis. House v. State 130 Fla. 400, 177 So. 705.

We find no allegation in this petition about any threats, persuasions or improper inducement having been used to get him to plead guilty, his attack being largely centered on the alleged denial of the right to consult his counsel at the time of arraignment.

On November 22, 1943, the Supreme Court denied, without opinion, a petition for Writ of habeas corpus filed by House. See State of Florida ex rel. Albert R. House v. Nathan Mayo (not reported.). This petition alleged that the sentence in Case No. 259 should be construed as running concurrently with, instead of consecutively to, the other two sentences imposed at the same time. The petition also alleged that, when arraigned in Case No. 259, he was denied the right to consult counsel employed by him. However, the petition did make the general allegation, without stating facts or details, that the "maximum sentence of the law was imposed . . . after your petitioner herein, was promised the minimum sentence if he would plead guilty."

On February 15, 1944, the Supreme Court denied, without opinion, another of House's petitions for Writ of habeas corpus. See Albert R. House v. Nathan Mayo (not reported). The petition attacked the conviction in case No. 259, mainly upon the ground that, at the time of arraignment, he was denied the right to consult counsel retained by him. However, the petition did make the general allegations, without stating facts or details, that he entered a plea of guilty "with many promises from the County Solicitor and Sheriff"; and that "the County Solicitor . . . forced petitioner to a plea, with threats, promises and through ignorance and misapprehension, and fear."

On April 10, 1944, the Supreme Court denied, without opinion, another of House's petitions for Writ of Habeas Corpus. See Albert R. House v. Nathan Mayo (not reported). This petition attacked the sentence in Case No. 259, mainly on the claim that he was denied the right to consult his counsel when arraigned. He made the incidental allegation that "through coercion, with threats and promises . . . this petitioner was forced to enter the plea of guilty, without being represented by counsel."

On July 10, 1945, the Supreme Court denied another of House's petitions for Writ of Habeas Corpus, without opinion. See State of Florida, ex rel. Albert R. House v. Prison Custodian of Florida, et al. (not reported).

This petition did not primarily concern Case No. 259, its main attack being leveled at the 10-year sentence in Case No. 233.

On July 19, 1946, this Court denied another of House's petitions for Writ of Habeas Corpus without opinion. See Albert H. House v. L. F. Chapman (not reported).

The complaint of this petition was that he was being held in solitary confinement in the State Prison. On the date of this compilation, July 23, 1947, House has this undetermined petition pending in the Supreme Court of Florida for permission for leave to apply to the Trial Court for writ of error Coram Nobis to review said 20-year sentence in Case No. 259.

On June 30, 1944, House filed a petition in the United States District Court for the Southern District of Florida, asking for a Writ of Habeas Corpus against Nathan Mayo, as State Prison Custodian. The primary issue raised by this petition was whether or not he was denied the right to consult his counsel at the time he was arraigned in Case No. 259.

However, the petition did allege that "he, through coercion, promises, threats and intimidation, inadvertently entered a plea of guilty" in said case No. 259.

Judge Strum's denial of the Writ applied for was sustained by the Circuit Court of Appeals, but was reversed by the United States Supreme Court.

Thereafter, Judge Strum issued a writ of habeas corpus, and, after the filing of a return by Mr. Mayo and after the taking of testimony, the issues were found against House and he was remanded to custody. The Circuit Court of Appeals affirmed on appeal. See 151 F. (2nd) 1014. In April, 1946, House filed another petition for Writ of Habeas Corpus in the United States District Court for the Southern District of Florida, against Nathan Mayo, as State Prison Custodian.

His petition again attacked the sentence in Case No. 259, upon the claim that he was denied the opportunity to consult his counsel when arraigned. He asserted that he should be allowed to retry the issue before said court because he had additional witnesses not produced at the former hearing.

Judge Strum denied the petition, on April 23, 1946. On May 10, 1946, he denied a certificate of probable cause for appeal. The Circuit Court of Appeals declined to issue a certificate of probable cause and dismissed House's appeal on November 22, 1946, for want of jurisdiction.

In September, 1946, House filed another petition for Writ of Habeas Corpus in the United States District Court for the Southern District of Florida, against Nathan Mayo, as State Prison Custodian. No copy of this petition was served on the Attorney General, who, however, received a copy of Judge Strum's order of September 9, 1946, denying the Writ.

When House filed his petition in this Court on December 18, 1937, for leave to apply to the Trial Court for Writ of Error Coram Nobis it was his duty at that time to appraise the Court of all matters within his knewledge showing reasons why his petitions should have been granted. The petition now filed shows upon its face that all matters which he sets up in this petition were fully known to him at that time and he is now estopped again to be heard in this regard. He has not only had his day in court but has had many days in court and has exhausted his right to relief, unless he can show some ground for relief which was not known to him and of which he could, therefore, not have had advantage on his former appeals and petitions in this Court.

For the reasons stated, the petition is denied.

THOMAS, C. J., BARNS, J., and TAYLOR, Associate Justice, concur.