**HOUSE v. MAYO, Custodian Florida State Prison.**

**Civ. No. 1565.**

United States District Court,
S. D. Florida, Jacksonville Division.

Aug. 2, 1949.

Albert House, Raiford, Florida, in Pro. Per.

Reeves Bowen, Assistant Attorney General, for respondent.

DE VANE, District Judge.

In 1925 petitioner, Albert House, pleaded guilty to four informations filed against him in the Criminal Court of Record of Hillsborough county, Florida, and was sentenced to a total of seventy years in prison. The sentence imposed in each case ran consecutively. In 1935 House brought an original proceeding in habeas corpus attacking the sentences imposed in all four cases. The Supreme Court held in this habeas corpus case, 122 Fla. 23, 164 So. 673, that the trial Judge had failed to adjudicate the defendant guilty on his pleas on the four informations and set the sentences aside and remanded the petitioner to the Sheriff of Hillsborough county, Florida, to be taken before the Judge of the Criminal Court of Record of that county for the purpose of adjudication and sentence. In compliance with this mandate petitioner was taken before the Judge of said court for adjudication and sentence on February 22, 1936.

Between the date of the original sentence and the date of resentence the Supreme Court of Florida in Gildrie, et al. v. State, 94 Fla. 134, 113 So. 704; reversed the conviction in one of the cases against two other persons named in the information along with petitioner for the offense therein charged, holding that the evidence used to convict them had been secured as a result of an illegal search warrant. When petitioner came on for resentence in 1936 no sentence was imposed upon him in the case in which the conviction of his co-defendants had been held illegal and he was sentenced in the remaining cases, as follows:

Case No. 238—Hav-A-Tampa Cigar Company—20 years to run from September 11, 1925.

Case No. 259—Maas Brothers Store case —20 years to run consecutively with case No. 238.

Case No. 233—Possession of Burglary Tools—10 years to run consecutively with case No. 259.

Ever since his resentence in 1936 petitioner has sought to secure his release in numerous proceedings brought in the State courts and in this court attacking the validity of each sentence while serving same. Reference is made to these numerous proceedings in Ex parte House, 159 Fla. 385, 31 So.2d 633.

Alleging that he had completed the two twenty year sentences in cases numbered 238 and 259 petitioner under date of October 28, 1948 filed a new petition for writ of habeas corpus attacking the validity of the ten year sentence in case No. 233. Petitioner assigned as grounds for the issuance of said writ the same grounds he had urged against the validity of the sentences imposed in cases numbered 238 and 259. This court in a Memorandum Decision dated December 9th, 1948 D.C., 81 F. Supp. 663, held that petitioner was not entitled to the writ on the grounds stated:

therein as they had been previously litigated in the other two cases.

Shortly thereafter petitioner filed a motion for re-hearing and reconsideration in which he raised additional grounds for the granting of his petition. In a Supplemental Memorandum under date of December 17th, 1948 the court found and held that the questions raised in the motion for re-hearing and reconsideration had never been submitted to nor passed upon by the State courts and that this court was without authority to consider and pass upon said questions until petitioner had exhausted his remedies in the State courts. Ex parte Hawks, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

Under date of December 21st, 1948 petitioner filed an "Extra-Ordinary Motion for Re-Hearing", which assigned the additional ground that on December 17th, 1948 the Supreme Court of Florida had issued its final order denying petitioner the "habeas corpus sought to impeach the illegal judgment of conviction and void sentence that were imposed by the State of Florida in the Criminal Court of Record in Hillsborough county in case No. 233."

Prior to the filing of the Extra-Ordinary Motion for Re-Hearing this court had no knowledge that while it was considering the petition for writ of habeas corpus, filed October 28th, 1948 that petitioner also had a case pending in the State courts raising substantially the same questions. The court, therefore, was of the opinion that a new suit should be instituted subsequent to the date of the Supreme Court's decision so as to keep the record straight and this desire led the court to enter an order on January 14th, 1949 dismissing the case then pending before the court without prejudice to file a new petition.

Petitioner, in conformity with said order, filed a new petition for writ of habeas corpus in this court under date of March 18th, 1949. Respondent was required to answer this petition so that appropriate issues could be framed. The petition, answer and replication thereto raised two questions, viz:

1. Whether petitioner had completed service of the two twenty-year sentences in cases numbered 238 and 259 which ran consecutively and was being held under the ten-year sentence involved in case number 233, which is the subject matter of this controversy; and,

2. Whether the information filed in case number 233 was filed after the issuance and service of an invalid search warrant struck down by the Supreme Court of Florida in Gildrie, et al. v. State, 94 Fla. 134, 113 So. 704; and upon information secured as the result of said invalid search warrant.

The court considered an inquiry should be made of these matters and, therefore, set the case down for a hearing and a full hearing was accorded petitioner on July 15th, 1949.

The first question raised the issue as to what interpretation should be placed on Section 954.06, Florida Statutes 1941, F.S.A. In his answer respondent contended that in Brown v. Mayo, 56 Fla. 144, 23 So. 2d 273, the Supreme Court had interpreted said section so as to make it necessary for petitioner to serve considerable additional time before he would begin his ten-year sentence in case No. 233, which would make this petition premature.

The replication filed by petitioner alleged that respondent was giving to the Statute its full, clear and unambiguous meaning and had refused to follow the interpretation placed upon it by the Supreme Court in Brown v. Mayo, supra, except in his case and a few other cases.

Subsequent to the filing of the petition herein but prior to the hearing date the Legislature of the State of Florida amended Section 954.06, Florida Statutes 1941, F.S.A., so as to make it clear that the Act meant what petitioner contends in this case it meant. While the amendment did not become effective until August 2nd, 1949, when the case came on for hearing counsel for respondent stipulated with petitioner that for the purpose of this case the recent statute would be applied and that petitioner is in fact now serving the ten-year sentence imposed upon him in case No. 233.

The effect of the amendment of Section 954.06, supra, is to deprive this court of jurisdiction to consider and pass upon the remaining issue in the case as the State

courts have never passed upon it. When the Supreme Court rendered its decision on December 17th, 1948, Section 954.06 had not been amended and the Supreme Court, therefore, never got to the question now before this court for the reason petitioner, in its view, had not begun to serve the sentence imposed upon him in case No. 233.

■■■ The recent decision of the Supreme Court of the United States in Wolff v. Colorado, 69 S.Ct. 1359, presents a serious procedural question as to what this court should do with this case. The evidence in this case clearly establishes the allegations of the petition that the information filed against House and others in case No. 233 was filed upon evidence secured as the result of the issuance and service of an illegal search warrant held to be void and struck down by the Supreme Court of Florida in Gildrie v. State, supra. In a Federal court no one could be indicted or tried upon such evidence. See Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; Silverthorne Lumber Company v. United States, 251 U.S. 385, 40 S. Ct. 182, 64 L.Ed. 319, 24 A.L.R. 1426.

In the Wolff case the Supreme Court stated that Florida followed the doctrine announced by the Supreme Court of the United States in Weeks v. United States, supra, citing Atz v. Andrews, 84 Fla. 43, 94 So. 329. Counsel for respondent vigorously denies this, citing other cases which he claims are to the contrary.

■■■ Obviously if a conviction by a State court for a State offense is not obnoxious to the Fourteenth Amendment because the evidence that was admitted at the trial was obtained under circumstances which would have made it inadmissible in a prosecution for a violation of a Federal law in a court of the United States because deemed to be an infraction of the Fourth Amendment as applied in Weeks v. United States, supra, the returning of an information in a State court upon such evidence would be equally immune from attack. Therefore, it appears to this court that the question presented in this case must first be submitted to the State courts and should

petitioner be unsuccessful that his appropriate remedy is by certiorari to the Supreme Court of the United States and not by the filing of another petition in this court. See Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647.

An order in conformity with this Memorandum Decision will be entered denying the petition for writ of habeas corpus as prematurely brought in this court.