120 So.2d 198 (1960)
DEAUVILLE REALTY CO., Inc., and Deauville Enterprises, Inc., Appellants,
v.
Samuel H. TOBIN, Individually and Doing Business As Tobin & Tobin, and Joseph Norwood, Appellees.
No. 58-495.
District Court of Appeal of Florida. Third District.
April 25, 1960.
Rehearing Denied May 25, 1960.
*199 Rothenberg & Burris, Miami Beach, Richard H. Hunt, Miami, and Hall, Hartwell & Douglass, Tallahassee, for appellants.
Don G. Nicholson, Miami, for Samuel H. Tobin, and Hollis Rinehart, Miami, for Joseph Norwood, appellees.
PER CURIAM.
There is now before this court for consideration the second of two petitions which the appellants have filed subsequent to their appeal of the judgment and its affirmance by this court, in each of which petitions the appellants have sought leave of this court to apply to the trial court to vacate the judgment and for a new trial on three grounds, (1) claimed newly discovered evidence relating to the amount of the real estate commission sued upon, (2) a claimed error of the trial court in excluding certain testimony relating to the amount of the commission, and (3) claimed false swearing of the plaintiffs bearing on the amount of the commission. This second petition added the contention that the trial judge was biased against one E.M. Loew, president of defendant corporations.
The first such petition was denied by this court (Deauville Realty Co. v. Tobin Fla.App. 1959, 111 So.2d 743). and certiorari *200 thereto was denied by the Supreme Court (115 So.2d 8). Thereafter, although appellants' petition for leave to do so had been denied by this court, appellants filed a motion in the circuit court to vacate the judgment and for new trial on the same grounds as contained in the petition which had been presented here. Concurrently with the filing of that motion appellants filed a motion to disqualify the judge who had tried the case. He denied the motion for disqualification, and we granted a writ of prohibition (against his hearing the then pending motion to vacate the judgment) on the ground that at the hearing on the motion for disqualification the trial judge had admitted bias against Mr. Loew as of that time. See State ex rel. Deauville Realty Co. v. Cannon, Fla.App. 1959, 114 So.2d 726. The motion attacking the judgment was then presented to another judge of the circuit court who granted it, set aside the judgment and made provision for new trial, on the grounds stated in the motion, as referred to hereinabove, and on the additional ground that the statements of the trial judge made on the hearing on application for disqualification established that he was biased against Mr. Loew during the trial, as well as thereafter. Appellees then sought and obtained a judgment in mandamus here, in which we held it was the duty of the trial judge who had vacated the judgment to reinstate it because the trial court had no jurisdiction to vacate the judgment or order new trial after the judgment had been affirmed by an appellate court, without leave of the appellate court to entertain such motion. See State ex rel. Tobin v. Holt, Fla.App. 1960, 117 So.2d 428. In compliance therewith an order was made by the trial court reinstating the judgment by vacating the order which had set aside the judgment. Thereafter the present petition was made to this court for leave to again apply to the trial court in the respects referred to above.
The two petitions filed here for leave to apply to the circuit court to vacate the judgment and for a new trial have been treated by this court as applications for leave to file in the trial court petitions for writ of error coram nobis, which is the proper procedure after an appellate court has affirmed a judgment sought to be disturbed. See Chambers v. State, 117 Fla. 642, 158 So. 153; Russ v. State, Fla. 1957, 95 So.2d 594.
Appellants refer to their present petition as one seeking leave of this court to apply to the trial court to vacate the judgment under § 55.38, Fla. Stat., F.S.A., which authorizes a trial court before which an execution is returnable to stay execution on a showing of good cause. Whatever the proper offices of that statute are, it does not purport to extend to vacating judgments or to the granting of new trials, to the degree which may be done in proper circumstances through the procedure of writ of error coram nobis. But even if § 55.38 should be regarded as a statutory substitute for the common law writ of error coram nobis, "analogous procedure is observed when not otherwise provided by controlling law." See Lamb v. State, 91 Fla. 396, 107 So. 535, 537.
With the exception of the alleged bias of the trial judge, the present petition relies on the same matters and points of law which were relied on in the first petition. True, the second petition amplifies them, but the points raised are the same. Res judicata applies to such petitions, and the appellants are precluded from reasserting those grounds and points in a second such petition after denial of the first petition. Ex parte House, 159 Fla. 385, 31 So.2d 633; Lewis v. State, Fla. 1956, 93 So.2d 46.
When application is made to an appellate court, following its affirmance of a judgment, for leave to apply to the trial court to vacate the judgment and for new trial, it is the duty of the appellate court to consider the sufficiency of the grounds for issuance of a writ of error coram nobis *201 as sought, and the discretion which is reposed in the appellate court to grant or deny leave to so apply in the trial court (Nickels v. State, 86 Fla. 208, 98 So. 497, 502, 99 So. 121; Lamb v. State, supra, 91 Fla. 396, 107 So. 535; Williams v. Yelvington, 103 Fla. 145, 137 So. 156; McCall v. State, 136 Fla. 349, 186 So. 803) shall not be exercised to grant leave when the appellate court determines that the petition fails to show grounds constituting, prima facie, a basis for issuance of a writ of error coram nobis. See Chambers v. State, supra, 117 Fla. 642, 158 So. 153; Urga v. State, 157 Fla. 794, 26 So.2d 786; Russ v. State, supra, Fla. 1957, 95 So.2d 786; Russ v. State, supra, Fla. 1957, 95 So.2d 594, 597; 7 Fla.Jur., Coram Nobis, § 4. The petition now under consideration by this court fails to meet that standard and must be denied.
As to the grounds of newly discovered evidence,[1] claimed error on the part of the court in a ruling on evidence,[2] and claimed false swearing of plaintiffs,[3] the appellants are precluded from reasserting such grounds, having presented them in their prior petition in this court which was denied, and as to which certiorari was denied by the Supreme Court.
The added ground in the present petition, which was a claim of bias on the part of the trial judge, presented three separate contentions of prejudice. First was the contention of prejudice from conduct at the trial claimed to be shown on the record of the case. The matters relied on there were made the subject of assignments of error, and were considered on the appeal. Secondly, there was the claim of bias from the remark, not shown on the record, but stated by counsel to have been made by the trial judge to counsel in an informal conference out of the presence of the jury at the close of the case, to the effect that the trial judge would not believe Mr. Loew and felt he had lied on the stand. Later, after the judgment and its affirmance, when the hearing was held to disqualify the judge from hearing a motion to vacate the judgment, the judge explained that he had not known Mr. Loew before the trial and that his opinion of Mr. Loew's veracity or lack of it resulted from his observation of Mr.Loew during his testimony at the trial.
That statement attributed to the judge at the conclusion of the trial when the jury was out, to the effect that the judge would not believe Mr. Loew, was known to counsel before the verdict. It was not made a ground of any motion at that time, nor was it made a ground of a motion for new trial or assigned as error on the appeal. If it could have served as a basis for any relief, its availability to challenge at the close of the case and on the appeal, even though such challenges were not made, precludes raising the matter after the judgment is affirmed. See Ex parte House, supra.
That remark of the trial judge would not have been a basis for a new trial in this case. When a judge, after hearing and observing a party testify in a jury trial, reaches the conclusion that such party is unworthy of belief, there is no reason why he should not say so, at the close of the trial, out of the presence of the jury. See Chastain v. Superior Court, 14 Cal. App.2d 97, 57 P.2d 982. And unless the impure testimony to which the judge referred in such statement was felt by him *202 to have influenced a verdict, the judge would not be required to take any action because of it.
A statement by a trial judge that he feels a party has lied in the case is generally regarded as indicating a bias against such party. See Keating v. Superior Ct., 45 Cal.2d 440, 289 P.2d 209; 30A Am.Jur., Judges, §§ 170, 184. But the formation of a prejudice during and as a result of a party's testimony in a trial need not affect the case in which it was arrived at in that manner, although it may operate to disqualify that judge from hearing any later or second trial of that case if one is had, or from participating in any subsequent trial in which that party is involved. Keating v. Superior Ct., supra.
The third feature of the claim of bias was the contention of appellants that a new trial would be in order because after the appeal and after the first petition for leave to apply for writ of error coram nobis, on the occasion of the hearing on the motion to disqualify the trial judge from hearing the motion to vacate the judgment and for new trial filed in the circuit court, the trial judge made statements showing he held a bias against Mr. Loew. The judge admitted that he had become biased against Mr. Loew subsequent to the trial. That later acquired prejudice against Mr. Loew had no bearing on the previously conducted trial.
Appellants suggest that certain statements or parts of statements made by the judge on that occasion, when he admitted he was then biased against Mr. Loew, established that he was biased earlier and during the trial. On a reading of the entire discussion of the subject which occurred between counsel and the court, as it appears on pages 12 to 25 in the transcript of the proceedings on the motion for disqualification (R. 44-57 in the prohibition proceeding, 114 So.2d 726) which was made a part of the petition here by reference, it is disclosed that the judge held no prejudice against Mr. Loew at the outset of the trial, but that by the end of the trial he had sized up Mr. Loew as being an untruthful witness and held little regard for him; though he frankly admitted that he had become intensely biased against Mr. Loew subsequent to the trial because of a letter which Mr. Loew wrote to another circuit judge after the trial in which Mr. Loew had criticized the trial judge, and which letter had come to the latter's attention.
Having concluded that the pending petition makes no prima facie showing for issuance of a writ of error coram nobis directed to the judgment in this cause, it follows that the petition under consideration is without merit.
Petition denied.
HORTON, C.J., and PEARSON and CARROLL, CHAS., JJ., concur.
NOTES
[1] Newly discovered evidence which relates to an issue already heard and determined is not a ground for relief on writ of error coram nobis. See Baker v. Peavy-Wilson Lumber Co., 146 Fla. 217, 200 So. 528; Cole v. Walker Fertilizer Co., 147 Fla. 1, 1 So.2d 864; Thompson v. State, 154 Fla. 769, 18 So.2d 788; 7 Fla.Jur., Coram Nobis, § 13.
[2] The ruling of the trial judge on evidence which was the basis of that contention was assigned as error and argued on the appeal on which the judgment was affirmed.
[3] See Vining v. American Bakeries Co., 121 Fla. 116, 163 So. 396; 121 Fla. 122, 163 So. 519.