FERGUSON, Judge.
The facts presented in the petitioners’ affidavit in support of their motion to disqualify the judge are such that; if taken as true,[1] would prompt a reasonably prudent person to fear that he would not receive a fair and impartial trial. By that standard, disqualification was required.
Fearing that they would not receive a fair trial by the judge assigned to hear their petition to adopt a baby girl, the DeMetros filed a sworn motion for disqualification. The judge assigned to hear the adoption petition had made statements impugning the petitioners’ integrity in a prior proceeding for habeas corpus, initiated by the Department of Health and Rehabilitative Services (HRS), which sought to remove the child from the petitioners’ custody. Specifically, the affidavit alleges that in the prior proceeding the judge stated, on the record in open court, that petitioners had lied. As part of the final order in that case, the judge wrote that Mrs. DeMetro practices “voodoo and witchcraft” and that her conduct “can charitably be described as immoral.”
When the petition for disqualification was denied as being legally insufficient, the DeMetros filed an Emergency Writ of Prohibition arguing that their motion was improperly denied because the law is clear that “no judge under any circumstances is warranted in sitting in the trial of a cause whose neutrality is shadowed or even questioned,” Dickenson v. Parks, 104 Fla. 577, 582, 140 So. 459, 462 (1932).
Under Florida law, a judge’s statement that he feels a party has lied in a case before him, generally indicates bias against the party. Brown v. St. George Island, Ltd., 561 So.2d 253, 257 (Fla.1990). In Brown, the court held that the judge’s remark, “I wouldn’t believe him anyway,” made in reference to a party, warranted disqualification for prejudice. This court has previously held, in a case involving a judge’s statement that a party’s testimony was unworthy of belief, that:
[T]he formation of a prejudice during and as a result of a party’s testimony in a trial need not affect the case in which it was arrived at in that manner, although it may operate to disqualify that judge from hearing any later or second trial of that case if one is had, or from participating in any subsequent trial in which that party is involved.
*1355 Deauville Realty Co. v. Tobin, 120 So.2d 198, 202 (Fla. 3d DCA 1960), cert. denied, 127 So.2d 678 (Fla.1961).
While cautioning in Brown v. St George Island that a judge is not subject to disqualification simply because a ruling in an earlier proceeding had the effect of rejecting a party’s testimony, the supreme court made clear that disqualification is appropriate where there is “a clear implication that the judge will not believe the complaining party’s testimony in the future.” Brown, 561 So.2d 253, 257, n. 7. In this case, the trial judge’s denouncement of the petitioners’ character and believability in the prior proceeding was a strong implication that he would not believe them in future proceedings, and that he had already formed a hostile opinion as to their fitness as parents. Brown and Deauville Realty compel disqualification.
Prohibition granted.

. The facts and reasons for the belief of prejudice must be taken as true, and the judge may pass only on the legal sufficiency of the motion and supporting affidavits. Brown v. St. George Island, Ltd., 561 So.2d 253 (Fla.1990).