PER CURIAM.
Petitioner Steven Sperber seeks a writ of prohibition directing the respondent, the Honorable James M. Reasbeck, to disqualify himself from entertaining further jurisdiction in this cause. This petition arises out of a dissolution of marriage proceeding. The trial court sanctioned petitioner by striking his pleadings for failure to produce discovery and entered a writ of ne exeat requiring him to post a bond of $1,500,000. Petitioner filed motions to discharge the writ of ne exeat, to adopt the parties’ settlement agreement, for change of custody, and for referral to mediation. Petitioner alleged in his motion for disqualification respondent had predetermined the contempt matter by refusing to accept evidence offered by him, and respondent’s disparaging and insulting statements made at the hearing reflected his lack of impartiality. Respondent found the allegations in petitioner’s motion for disqualification legally insufficient and denied his motion.
The petition contains a recital of statements made by respondent which we deem legally sufficient to show that petitioner has a well-founded fear that he will not receive a fair trial before respondent. Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981); Livingston v. State, 441 So.2d 1083 (Fla.1983). Respondent stated among other things:
THE COURT: I’ll tell what you [sic] I’ll do. I’ll step out of here and let you guys work out an agreement and we’ll have it typed up and we’ll have it signed. And then I’ll let the gentleman out of jail if you have a settlement agreement, but I want something concrete. I don’t trust Mr. Sperber at all.
[[Image here]]
THE COURT: I don’t know, if that’s what you want to do. As far as I am concerned, the gentleman belongs in jail until the case is resolved or unless you can show me a good reason to let him go. And the only good reason I can see to let him go is for him to put up a $1,500,000, and I’m going to give the money to his wife when this case is over if things don’t work out the way I think that they should work out.
[[Image here]]
THE COURT: See, my problem is I don’t have any reason to believe that Mr. Sper-ber is going to stay around to do any negotiating. And it may be that by keeping him in jail, I’ve put the gun to his head and made him enter into a settlement that to the Appellate Court is an unfair settlement, just like I think the settlement that they reached is unfair.
[[Image here]]
THE COURT: What good is a contempt order from the court when the man is not available at the time he is found in contempt and I do find that he had the ability to pay? The presumption stands that he still has the ability to pay. I don’t need to take any further testimony from him because he didn’t comply with the order and he didn’t appeal it.
MR. MORAITIS: Judge, we want to offer Mr. Sperber’s testimony.
THE COURT: I am not going to accept it, and I am not going to demand it. I am going to refuse to accept it. I am telling him I will give him a period of time now that he is in the United States and I have his passports or you have them, that he is going to pay it. He is going to do what I order him to do, *147 otherwise there is no point in having a court.
Leslie Sperber argues the statements do not support this petition because petitioner has taken them out of context. We have reviewed each of the statements in the context in which they were made and hold the statements furnish a legally sufficient basis for disqualification of the trial judge. See Brown v. St. George Island, Ltd., 561 So.2d 253 (Fla.1990); DeMetro v. Barad, 576 So.2d 1353 (Fla. 3d DCA 1991); Irwin v. Marko, 417 So.2d 1108 (Fla. 4th DCA 1982).
PROHIBITION GRANTED.
DELL, WARNER and POLEN, JJ., concur.