650 So.2d 87 (1995)
Jerry HOLMES, Petitioner,
v.
Hon. Barry E. GOLDSTEIN, as Circuit Judge of the 17th Judicial Circuit, Respondent.
No. 94-2808.
District Court of Appeal of Florida, Fourth District.
January 18, 1995.
As Amended on Denial of Motion for Clarification March 2, 1995.
Michael Klein of Michael L. Klein, P.A., Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
Petitioner unsuccessfully sought to have respondent disqualify himself in the present criminal charge pending against petitioner because of a perceived lack of impartiality arising out of respondent's remarks when he sentenced petitioner on an earlier charge after a jury had found petitioner guilty.
Respondent's questioned remarks at sentencing were his strongly expressed views that during the jury trial petitioner tried to "sell" or discredit a deputy's reputation and that respondent did not think the deputy *88 deserved to be treated like that by petitioner. Respondent also stated that petitioner's unsuccessful efforts to discredit the deputy caused respondent to be disappointed with petitioner, especially because petitioner almost had him believing petitioner's statements and his protestations of innocence. The clear implication of the trial judge's comments, is that respondent concluded petitioner had lied, giving rise to a well-founded belief that respondent would not believe petitioner in future proceedings.
Petitioner is entitled to have a trial judge preside over matters involving petitioner's credibility in the present case who has not evaluated petitioner's credibility and character in a negative fashion, just as the state should be free from a presiding judge who believes, as a result of a previous case, that the defendant is credible and worthy. In a word, both sides in the present case were entitled to impartiality. See Brown v. St. George Island, Ltd., 561 So.2d 253 (Fla. 1990); DeMetro v. Barad, 576 So.2d 1353 (Fla. 3d DCA 1991); Deauville Realty Co. v. Tobin, 120 So.2d 198 (Fla. 3d DCA 1960).
Respondent's reliance upon Fischer v. Knuck, 497 So.2d 240 (Fla. 1986), is not persuasive, given the factual dissimilarity between the trial court's remarks on the record in this case, and the defendant's subjective perceptions of the trial judge's facial expressions and body language in Fischer.
Writ of Prohibition Granted.
GLICKSTEIN and PARIENTE, JJ., concur.
FARMER, J., dissents without opinion.