647 So.2d 1070 (1994)
TIME WARNER ENTERTAINMENT COMPANY, L.P., Petitioner,
v.
Hon. Joseph P. BAKER, Circuit Court Judge, etc., Respondent.
No. 94-2741.
District Court of Appeal of Florida, Fifth District.
December 30, 1994.
Stuart W. Gold, Cravath, Swaine, & Moore, P.A., New York City, and Howell W. Melton, Jr., Steven L. Brannock and Theodore W. Small, Jr., Holland & Knight, P.A., Tampa, for petitioner.
No appearance for respondent.
THOMPSON, Judge.
The defendant in the underlying case, Time Warner Entertainment Co., L.P. ("Time Warner"), petitions for a writ of prohibition. Time Warner provides cable service for the plaintiffs below, Margo Mauldin and Brian E. Cooley. The plaintiffs sued Time Warner both on an individual basis and as members of a class. Among other claims, the plaintiffs charged Time Warner with unfair and deceptive trade practices. The claims arose from the change in the Federal Communications Commission's [FCC] regulations which took effect 1 September 1993. The FCC regulations were intended to reduce *1071 the rates for those customers served by a cable system not deemed to have effective competition.
In response to the new regulations, Time Warner changed its system. Under its new system for basic service, Time Warner provided the standard 13 channels regulated locally, plus approximately 25 other channels regulated by the FCC. However, Time Warner made 3 channels previously available under the basic service  W S, WGN, and AMC  "a la carte" channels which were available for an extra $3 a month. The plaintiffs claimed they were charged for these channels unless they affirmatively opted out, and they claimed they were not told that they could opt out.
At a pre-trial hearing held on 7 October 1994 on the case, the respondent, Judge Joseph P. Baker, pursuant to Florida Code of Judicial Conduct, Canon 3A(4), informed the parties that he had spoken to Professor Michael Flynn of Nova University about the case. That canon allows a judge to "obtain the advice of a disinterested expert on the law applicable to a proceeding before [the judge] if [t]he [judge] gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond." Fla. Code Jud.Conduct, Canon 3A(4). Judge Baker indicated he might discuss the case with Professor Flynn in the future.
Time Warner looked into Professor Flynn's background and found that he had "served as chief of the Consumer and Business Affair Practices Division for the Attorney General of the State of Washington," and "authored several articles in the consumer affairs field adopting a pro-plaintiff perspective." Time Warner's counsel, Howell Melton, wrote a letter to Judge Baker on 14 November 1994, suggesting the Judge should cease any further communication with Professor Flynn and asking him to transfer the case. Time Warner's counsel questioned whether Professor Flynn was a "disinterested expert" in light of his pro-consumer and, hence, pro-plaintiff stance.
Judge Baker responded to Time Warner with a three page letter of his own dated 17 November 1994. He wrote that, in accordance with Florida Code of Judicial Conduct, Canon 3A(4), he routinely tells the parties about people he knows who have special experience and with whom he might discuss a case. Judge Baker said although he had spoken to Professor Flynn, he did not ask the professor's advice on the case because he had already made his ruling. Judge Baker said he had also told Professor Flynn he was writing an opinion, and the professor indicated he would be interested in reading it. Judge Baker stated he remained impartial in the case and said the very things that made Professor Flynn an expert were the things that Time Warner believed disqualified him as an expert. Time Warner thereafter moved to disqualify Judge Baker from the case on the basis of bias. Judge Baker denied the motion without comment on 30 November 1994. Time Warner then petitioned for a writ of prohibition. We deny the writ.
We make these observations before discussing the writ pending before us. First, we have jurisdiction. A writ of prohibition is the proper procedure for appellate review to test the validity of a motion to disqualify. Mangina v. Cornelius, 462 So.2d 602 (Fla. 5th DCA 1985); Hayslip v. Douglas, 400 So.2d 553, 555 (Fla. 4th DCA 1981). Second, a review of the file indicates that Time Warner has not complied with Florida Rules of Judicial Administration 2.160 for the disqualification of trial judges. Section 38.10, Florida Statutes (1993), gives Time Warner the substantive right to seek disqualification of Judge Baker, however, Florida Rules of Judicial Administration 2.160 sets forth the procedure to be followed. See Brown v. St. George Island, Ltd., 561 So.2d 253 (Fla. 1990) (the statute creates the substantive right, but the process of disqualification is procedural and the procedures are governed by the rules of procedure). Time Warner's motion was untimely filed although, in other respects, it complied with the specific requirements of Florida Rules of Judicial Administration 2.160(c)[1]. The motion was required *1072 to be filed within a maximum of 10 days after Time Warner became aware of the facts which constituted the grounds for disqualification. Fla.R.Jud.Admin. 2.160(e). Time Warner became aware of Judge Baker's consultation with Professor Flynn on 7 October 1994. Time Warner did not file its motion until 23 November 1994. Finally, the only basis for the disqualification of Judge Baker was that he was biased because of his communication with Professor Flynn. Time Warner alleges that they will not get a fair and impartial trial from Judge Baker because "of bias or prejudice of the judge" because of the communication. See Fla.R.Jud.Admin. 2.160(d)(1).
Florida Code of Judicial Conduct, Canon 3A(4) does not prohibit judges from consulting with "a disinterested expert" as long as the judge gives notice to the parties and allows them a reasonable opportunity to respond. Canon 3 does not require, nor has any Florida case been brought to our attention, which suggests that a judge must give notice prior to the communication with the expert. Fla.Code Jud.Conduct, Canon 3. A review of Canon 3A(4) requires the judge to advise the parties of who the disinterested expert is "and the substance of the advice" the disinterested expert gave. Id. Read literally, the notice must follow the consultation and not precede the consultation. The record is uncontroverted that Judge Baker did give all of the parties an opportunity to respond. Judge Baker complied with Canon 3. Id. Even a case relied upon by Time Warner to support its position, does not condemn the practice of judges consulting with disinterested experts, but suggests caution on the part of judges if they do consult with disinterested experts. See Matter of Fuchsberg, 426 N.Y.S.2d 639, 647 (N.Y.Ct.Jud. 1978).
Once armed with this information, and after investigating the credentials and former employment of Professor Flynn, Time Warner objected to Judge Baker speaking with the expert because of his previous employment. The argument raised is that Professor Flynn is not a disinterested expert because he has authored articles which "adopt a pro-consumer prospective". This objection was in the form of a letter to Judge Baker by Mr. Melton on 14 November 1994. Judge Baker responded with a letter of his own. Unfortunately, the overall tone of his letter is indicated by the opening paragraph:
I read your letter of November 14, Mr. Melton. I think I got the message  any judge who associates with a law school professor who has been a consumer advocate and acted as an attorney general's chief enforcement officer of business fair practices cannot be expected to think much of Time Warner's business practices! Did I get that right?
Shortly after receiving Judge Baker's letter, Time Warner moved to disqualify Judge Baker. Judge Baker denied the motion without additional comment.
Although the tone of Judge Baker's letter was pointed, it does not support a writ of prohibition and in fact is not the basis for disqualification raised by Time Warner. The only basis raised is the putative ex parte communication between Judge Baker and Professor Flynn. Had Judge Baker commented upon the motion to disqualify other than finding that it was legally insufficient, the writ would be granted. Bundy v. Rudd, 366 So.2d 440, 442 (Fla. 1978). Since Florida Code of Judicial Conduct, Canon 3A(4) allows a judge to consult with a disinterested expert as long as the matter is reported to the parties so they can have a reasonable time to respond, the basis for the motion for disqualification is not a judicially cognizable basis for bias or prejudice. A trial judge cannot be biased or prejudiced because the judge complies with the Florida Code of Judicial Conduct.
We deny the writ because the motion for disqualification was not filed timely and even if filed timely, the allegations for disqualification are not judicially cognizable.
WRIT DENIED.
*1073 GOSHORN, J., concurs.
DAUKSCH, J., dissents, with opinion.
DAUKSCH, Judge.
I respectfully dissent.
Time Warner Entertainment Co. (Time Warner) filed a petition for writ of prohibition on December 2, 1994 to restrict further exercise of jurisdiction in this case by Judge Baker. The writ of Prohibition is based on a motion to disqualify filed by Time Warner on November 23, 1994, which was denied by Judge Baker on November 30, 1994.
Time Warner alleged in its motion to disqualify that at a hearing on October 7, 1994, Judge Baker disclosed to counsel for the parties that he had discussed the action with Michael Flynn, a Professor of Law at Nova University, and intended to send him the court's notes from the summary judgment argument in the case. Time Warner alleged in its motion that following the disclosure, it made a reasonable inquiry into Professor Flynn's employment history and writing and discovered information that it finds relevant. Time Warner alleged that Professor Flynn is not a "disinterested expert" within the meaning of Canon 3(A)(4) of the Code of Judicial Conduct, because he is the former Chief of the Consumer and Business Fair Practices Division for the Attorney General in the State of Washington, as well as a member of the Consumer Protection Law Committee of the Florida Bar, and the author of several published articles in the Consumer Affairs field which adopt a pro-consumer prospective.
Time Warner alleged in its motion to disqualify that on November 14, 1994, counsel for Time Warner wrote to Judge Baker about its concerns, asking the court to cease communications about this case with Flynn. Judge Baker responded to the letter stating that he routinely mentions people that he knows that may have special experience and knowledge that he might talk to about a case. He explained that he identifies such people to counsel because he thinks they ought to know. Judge Baker further stated:
I did not ask Mike Flynn's advice on this case, and I did not discuss it with him because I had already made my ruling. He told me he was teaching a course on consumer affairs at Nova Law School. I told him about the decision I had made in this case. I mentioned to him I was working on a draft of an opinion about my ruling, and he told me he would be interested in reading it. As yet, I have not finished writing the opinion.
What is most interesting about your letter of November 14 is the novel and rather startling argument that a professor of law cannot be considered a "disinterested expert" because he was once professionally employed in enforcing laws and regulations relevant to this case and has written articles which you construe as having a "pro-plaintiff [i.e. "pro-consumer"] prospective." What you are describing as disqualifying Mike Flynn are the very things that have traditionally been accepted as qualifying a person as an expert  academic achievement, professorial position, experience in the field and publication of articles on the subject. Indeed, your letter persuaded me that Mike is more of an expert in cases like this than I realized.
Time Warner alleged in its motion to disqualify that it will not receive a fair trial or hearing because of the specific prejudices or biases involving Judge Baker, which include: (1) Judge Baker's impermissible communications about the case with Professor Flynn, (2) the failure of Judge Baker to provide Time Warner with the substance of the communication and an opportunity to respond, and (3) the fact that they may well be prejudiced in the future in light of Judge Baker's view that such communications are desirable and beneficial. Time Warner alleged that pursuant to Florida Rule of Judicial Administration 2.160(d)(1), Judge Baker should be disqualified.
Margo Mauldin f/k/a Margo Tharp and Brian Cooley, plaintiffs, filed a response to Time Warner's motion to disqualify on November 28, 1994. Plaintiffs alleged that the motion was not timely filed, because Time Warner failed to timely move to disqualify the court within ten days after the discovery of the facts constituting the grounds for the motion, which would have occurred on October *1074 7, 1994. Rule 2.160(e), Rules of Judicial Administration provides "A motion to disqualify shall be made within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling... ." Plaintiffs alleged that the motion is legally insufficient and should be denied.
Time Warner filed a reply to plaintiffs' motion to disqualify on November 29, 1994. Time Warner argued that by itself, Judge Baker's October 7, 1994 disclosure that he discussed the proceeding with Professor Flynn "would not constitute a prejudice or bias of the judge." Time Warner alleged that without additional information that the court was not able to supply at the October 7, 1994 hearing, counsel could not determine whether the communications in the past and future would create a prejudice or bias. Time Warner alleged that Judge Baker's letter reconfirmed his communications with Professor Flynn regarding the case and implied that he intended to continue such communications in the future. Therefore, Time Warner alleged that the discovery of the facts constituting the grounds for the motion occurred upon the receipt of the court's letter of November 17, 1994. Since Time Warner filed the motion within ten days of the receipt of Judge Baker's letter, it contends that the motion was timely. Time Warner further contends that even if it had sufficient information on November 14, 1994, when its counsel wrote to Judge Baker asking him to transfer the case, the motion was filed within ten days of November 14, 1994, and is therefore timely.
Judge Baker denied the motion to disqualify on November 30, 1994. On December 2, 1994, Time Warner filed a petition for writ of Prohibition restricting the further exercise of jurisdiction in this case by Judge Baker.
The facts constituting the grounds for Time Warner's motion to disqualify consisted of: (1) the October 7, 1994 disclosure by Judge Baker that he discussed the action with Professor Flynn, (2) the information obtained from researching Professor Flynn's background, and (3) the information obtained from the November 17, 1994 letter written by Judge Baker in response to Time Warner's counsel's letter, which reconfirmed his communications with Professor Flynn, and implied that he did not find the communications problematic. Time Warner's motion to disqualify was filed on November 23, 1994, which was within ten days after discovery of the facts constituting the grounds for its motion to disqualify.
Therefore, it is my considered judgment that most likely the writ of prohibition should issue and most certainly we should first hear from the respondent, and Judge Baker, if he chooses, before we make a final decision to deny the writ.
NOTES
[1] Rule 2.160(c) reads in pertinent part:

A motion to disqualify shall be in writing and specifically allege the facts and reasons relied on to show the grounds for disqualification and shall be sworn to by the party by signing the motion under oath or by a separate affidavit. The attorney for the party shall also separately certify that the motion and the client's statements are made in good faith.
Fla.R.Jud.Admin. 2.160(c).