848 So.2d 1283 (2003)
James H. CARROW, Appellant,
v.
THE FLORIDA BAR, Appellee.
No. 2D03-50.
District Court of Appeal of Florida, Second District.
July 11, 2003.
*1284 James H. Carrow, pro se.
Barry Richard and Glenn T. Burhans, Jr., of Greenberg Traurig, P.A., Tallahassee, for Appellee.
PER CURIAM.
James Carrow appeals two nonfinal, nonappealable orders entered in the trial court proceedings. We treat Carrow's appeal as both a petition for writ of certiorari and a petition for writ of prohibition, dismiss the petition for writ of certiorari, and deny the petition for writ of prohibition.
Carrow first appeals an order imposing a stay of discovery until such time as he files a legally sufficient complaint. An order on a motion imposing a *1285 stay of discovery is reviewable by petition for writ of certiorari. See Perry v. Fireman's Fund Ins. Co., 379 So.2d 429, 430 (Fla. 2d DCA 1980). Accordingly, we treat this portion of the appeal as a petition for writ of certiorari.
In order to prevail when seeking review of an interlocutory order by common law certiorari, the petitioner must establish that (1) the trial court departed from the essential requirements of the law; (2) which has resulted in a material injury that will affect the remainder of the proceeding; and (3) which cannot be corrected through any other means. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987). Here, the stay is imposed only "until further order of the Court." In addition, the trial court noted at the hearing that the purpose of imposing the stay was simply to prevent discovery until there was a valid, operable complaint. Accordingly, once there is a valid complaint in place, the stay will be lifted, and Carrow will be entitled to those items that are discoverable. Under these circumstances, Carrow has not established that he has suffered a material injury that will affect the remainder of the proceedings. Therefore, we dismiss the petition for writ of certiorari addressed to this order.
Carrow also appeals the order denying his motion to disqualify the trial judge. An order denying a motion to disqualify a trial judge is reviewed by a petition for writ of prohibition. Bundy v. Rudd, 366 So.2d 440 (Fla.1978); Rucks v. State, 692 So.2d 976 (Fla. 2d DCA 1997); Time Warner Entm't Co. v. Baker, 647 So.2d 1070 (Fla. 5th DCA 1994). Accordingly, we treat this portion of the appeal as a petition for writ of prohibition.
A motion to disqualify a trial judge must comply with the requirements of Florida Rule of Judicial Administration 2.160. Time Warner, 647 So.2d at 1071. If the motion does not comply with the requirements of the rule, the writ will not issue. Id. Rule 2.160(c) requires a motion to disqualify a trial judge to be in writing, specifically allege the facts and reasons relied upon for disqualification, and be sworn to by the party signing the motion. In addition, rule 2.160(d) requires that the motion show that the party fears that he or she will not receive a fair trial based on a specifically described prejudice or bias of the judge or that the judge is related to a party or other attorney in the case.
Here, it is clear from the transcript of the hearing that Carrow's motion did not allege any facts or reasons to disqualify Judge Holder and did not include any facts "specifically describing" any prejudice or bias of Judge Holder. Rather, Carrow's motion was a blanket motion asking any trial judge assigned to the case to recuse himself or herself if he or she could not be fair. This motion is legally insufficient pursuant to rule 2.160 and impermissibly shifts the burden of identifying prejudice or bias from the litigant onto the trial court. Therefore, we deny the writ of prohibition.
Petition for writ of certiorari dismissed; petition for writ of prohibition denied.
WHATLEY, NORTHCUTT, and VILLANTI, JJ., Concur.