PER CURIAM.
Kevin Coleman was convicted of first-degree murder in 1992, and is serving a life sentence with a minimum mandatory of twenty-five years. In March 2001, Coleman filed a second Rule 3.850 motion seeking post-conviction relief based on newly discovered evidence. While this motion was being considered by the trial court, a motion to recuse was filed by Coleman.
The trial court denied both motions in simultaneous filings in December 2002. The denials of these motions are addressed in this appeal. Because the motion to recuse should have been granted, we reverse the denial of the motion to recuse as well as the denial of the Rule 3.850 motion.
A motion to recuse must be granted by the trial court if it is legally sufficient. For a motion to recuse to be legally sufficient, it must meet technical requirements that it be in writing, “allege the facts and reasons relied on to show the grounds for disqualification,” include sworn affidavits by the party and attorney filing the motion, and be filed by the tenth day following discovery of the information providing grounds for recusal. Fla. R. Jud. Admin. 2.160; Carrow v. The Fla. Bar, 848 So.2d 1283, 1285 (Fla. 2d DCA 2003). One of the grounds on which a motion to recuse can be based is “that a party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge.” Fla. R. Jud. Admin. 2.160(d)(1). If a motion to recuse is technically sufficient, and the facts alleged therein also “would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial from the judge,” the motion is legally sufficient and should be granted. Nunez v. Backman, 645 So.2d 1063, 1064 (Fla. 4th DCA 1994). In such a circumstance, the facts alleged are to be taken as true and their veracity should not be considered by the judge. State Farm Mut. Auto. Ins. Co. v. Penland, 668 So.2d 200, 204 (Fla. 4th DCA 1995).
Coleman timely filed a motion to recuse in writing, including the required sworn statements. Coleman’s alleged ground for recusal was that the trial judge had engaged in interviews with Palm Beach Post reporters prior to actually ruling on the Rule 3.850 motion, and informed those reporters of his impending decision while showing them a draft of the order. Coleman alleged that this conduct violated Canon 3(B)(7) of the Rules of Judicial Conduct, prohibiting the consideration of communications about pending cases occurring outside the presence of the parties. Based on this conduct, Coleman stated a fear that he could not receive a fair decision from a judge who considers media opinion and reaction during a case.
Reviewing the motion to recuse as described, Coleman met the technical requirements of legal sufficiency set out in Rule 2.160. We conclude that a reason *211 ably prudent person taking the allegations as true could fear that by discussing the case with the media, the ability of the trial judge to provide Coleman with a fair and impartial decision on the Rule 3.850 motion was compromised. See Novartis Pharm. Corp. v. Carnoto, 840 So.2d 410 (Fla. 4th DCA 2003); United States v. Microsoft Corp., 253 F.3d 34 (D.C.Cir.2001); In re Boston’s Children First, 244 F.3d 164 (1st Cir.2001). Therefore, the motion to recuse was legally sufficient and should have been granted.
Because the motion to recuse should have been granted, the order denying the Rule 3.850 motion must also be vacated because it was entered after the motion to recuse was filed. See Fuster-Escalona v. Wisotsky, 781 So.2d 1063, 1066 (Fla.2000) (ruling on motion to dismiss while motion to recuse was pending violated Florida Statutes section 38.10 and Florida Rule of Judicial Administration 2.160(f) prohibiting further proceedings and requiring immediate ruling on recusal); Rogers v. State, 341 So.2d 196, 196 (Fla. 4th DCA 1976) (order entered after recusal is a nullity). As a result, this case is remanded for a successor judge to consider the Rule 3.850 motion.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
GUNTHER, WARNER and MAY, JJ., concur.