901 So.2d 396 (2005)
Andrzej MADURA and Anna Dolinska-Madura, Appellants,
v.
Peter TUROSIENSKI, Appellee.
No. 2D03-4425.
District Court of Appeal of Florida, Second District.
May 13, 2005.
*397 Andrzej Madura, pro se.
Anna Dolinska-Madura, pro se.
Jason A. Lessinger and Mark D. Dungan of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for Appellee.
ALTENBERND, Chief Judge.
Andrzej Madura and Anna Dolinska-Madura filed a notice of appeal regarding a series of orders entered by the trial court, including an order dismissing Mr. Madura's complaint against Peter Turosienski and an order denying Mr. and Mrs. Madura's motion to disqualify the trial judge. The order dismissing Mr. Madura's complaint is not a final appealable order in light of the compulsory counterclaim that remains pending involving these parties and the transaction at issue. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974); Bay & Gulf Laundry Equip. Co. v. Chateau Tower, Inc., 484 So.2d 615, 616 (Fla. 2d DCA 1985); Pellegrino v. Horwitz, 642 So.2d *398 124, 125 (Fla. 4th DCA 1994). Further, we lack jurisdiction to review the order as a nonfinal appeal, and there is no basis to review it by petition for writ of certiorari. Similarly, we lack jurisdiction to review the nonfinal order on the amended motion for protective order and the nonfinal order denying Mr. and Mrs. Madura's motion to dismiss Mr. Turosienski's counterclaim.
As to the order denying the Maduras' motion to disqualify the trial judge, we treat the notice of appeal as a petition for writ of prohibition and grant the petition. The Maduras' pro se motion to disqualify complied with the technical requirements of Florida Rule of Judicial Administration 2.160. In the motion, the Maduras alleged that shortly after the trial judge was assigned to this case, they received notification from his judicial assistant that they were prohibited from any further contact whatsoever with the judge or his staff, even though they were not represented by counsel. We conclude this fact, which we must accept as true, see Knarich v. State, 866 So.2d 165, 167 (Fla. 2d DCA 2004), would prompt a reasonably prudent person to fear that he or she could not get a fair and impartial trial from the judge. Thus the motion to disqualify should have been granted. See Coleman v. State, 866 So.2d 209, 210 (Fla. 4th DCA 2004).
Mr. Turosienski argues that the trial judge was permitted to pass upon the underlying facts in the motion pursuant to rule 2.160(g) because the trial judge was acting as a successor judge. Indeed, a prior judge had issued an order of disqualification which led to the reassignment of this case. Although the predecessor judge had issued the order on her own initiative pursuant to rule 2.160(i), the predecessor judge stated in her order: "Any subsequent motion to disqualify will be governed by the provisions of Fla. R. Jud. Admin. 2.160(g)."
Rule 2.160(g) addresses successive motions for disqualification and permits a judge considering a successive motion to pass upon the truth of the facts alleged to determine whether "he or she is in fact not fair or impartial in the case." However, rule 2.160(g) applies only to a "successive motion by the same party." Here, the initial recusal was entered on the judge's initiative, not at the request of the Maduras. The predecessor judge could not, by order, alter this rule of procedure. Additionally, we note that there is no indication that the successor judge in this case considered this motion as a successive motion or that he actually passed upon the truth of the facts alleged in the motion. Rather, the judge denied the motion without a hearing and did not dispute the facts in the order denying the motion. Those facts as alleged, however, required recusal.
There is no doubt the Maduras, who are representing themselves, have engaged in litigation tactics that would try the patience of any judge. Certainly a trial judge is permitted to take steps, within the bounds of due process, to prevent abuses of the judicial process. Our record does not establish precisely what occurred between the Maduras and the judge or his judicial assistant, nor is it clear what the presiding judge did as a result of those interactions. Our opinion is therefore not a comment on those matters. We simply conclude that the motion to disqualify the trial judge was legally sufficient and required recusal.
Appeal dismissed in part, treated in part as petition for writ of prohibition; petition for writ of prohibition granted.
FULMER and WHATLEY, JJ., Concur.