PER CURIAM.
Erika Schwarz Wright ("Wife") petitions for a writ of prohibition to preclude the assigned trial judge from further presiding over the dissolution of marriage litigation now pending against her husband, John R. Wright ("Husband"). The trial judge denied Wife's motion for disqualification, finding it to be legally insufficient. We grant the petition.[1]
Florida Rule of Judicial Administration 2.330, titled "Disqualification of Trial Judges," provides, in pertinent part, that any party may move to disqualify the trial judge assigned to the case by filing a sworn written motion, specifically alleging the facts and reasons upon which the movant *496 relies that show that the movant will not receive a fair trial or hearing because of the specifically described prejudice or bias of the judge. Fla. R. Jud. Admin. 2.330(a) -(d)(1). Upon receipt of the motion, the trial judge is limited to determining only the legal sufficiency of the motion. If legally sufficient, the judge must immediately enter an order granting disqualification; if not, the judge shall immediately enter an order denying the motion. Fla. R. Jud. Admin. 2.330(f).
"Whether the motion is legally sufficient is a question of law." Law Offices of Herssein & Herssein, P.A. v. United Servs. Auto. Ass'n , --- So.3d ----, ----, 2018 WL 5994243, 43 Fla. L. Weekly S565, S566 (Fla. Nov. 15, 2018) (quoting Mansfield v. State , 911 So.2d 1160, 1170 (Fla. 2005) ). "The standard for determining the legal sufficiency of a motion to disqualify is whether the facts alleged, which must be assumed to be true, 'would place a reasonably prudent person in fear of not receiving a fair and impartial trial.' " Id. (quoting MacKenzie v. Super Kids Bargain Store, Inc. , 565 So.2d 1332, 1335 (Fla. 1990) ). This fear of prejudice must be objectively reasonable. Id. (citing Arbelaez v. State , 898 So.2d 25, 41 (Fla. 2005) ). Our review of the legal sufficiency of a motion to disqualify is de novo. Krawczuk v. State , 92 So.3d 195, 200 (Fla. 2012) (citing Lynch v. State , 2 So.3d 47, 78 (Fla. 2008) ).
Wife argues that certain comments made by the judge at a hearing held on the parties' respective motions for temporary relief, where she was not represented by counsel, caused her to have a well-founded fear that she will not receive a fair trial. Wife alleged that the judge suggested to Husband's counsel to file a motion to allow Husband access into storage sheds to discover certain assets that Wife allegedly was selling to a third person and to serve this person with a "motion and a hearing on [a] rule to show cause, and [the judge would be] happy to drag him in [to court]." Wife also asserted that during this hearing, the trial judge dissuaded Husband's counsel from seeking to amend his pleadings to interject Husband's business entity into the litigation.
"Trial judges must studiously avoid the appearance of favoring one party in a lawsuit, and suggesting to counsel or a party how to proceed strategically constitutes a breach of this principle." Shore Mariner Condo. Ass'n v. Antonious , 722 So.2d 247, 248 (Fla. 2d DCA 1998) ; see also Chastine v. Broome , 629 So.2d 293, 295 (Fla. 4th DCA 1993) ("[T]he trial judge serves as the neutral arbiter in the proceedings and must not enter the fray by giving 'tips' to either side."). Here, assuming Wife's allegations to be true, the judge's suggestions to Husband's counsel on how to proceed reasonably created the appearance of favoring one party and, thus, was a departure from the judge's role as a neutral arbiter.
Wife raises several other comments made by the judge at this hearing which, based upon our decision today, we need not address. Accordingly, because we conclude that Wife's motion for disqualification was legally sufficient, we grant the petition for prohibition and remand this case for further proceedings.
PETITION for WRIT of PROHIBITION GRANTED; WRIT ISSUED.
ORFINGER, BERGER and LAMBERT, JJ., concur.

Prohibition is the proper remedy when a trial judge denies a motion to disqualify. Time Warner Entm't Co. v. Baker , 647 So.2d 1070, 1071 (Fla. 5th DCA 1994).