IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HANI N. JADA,

      Petitioner,

 v.

Case No.  5D23-535
LT Case No. 2022-CA-002130

NANCY C. HARRISON, ESQUIRE,
P.L. AND NANCY C. HARRISON,
ESQUIRE,

      Respondents.

_____/

Opinion filed August 11, 2023

Petition for Writ of Prohibition,
Michael S. Sharrit, Respondent Judge.

Hani N. Jada, Jacksonville, Pro se.

Paul M. Eakin, of The Law Office of
Nancy C. Harrison, Esq., P.L., Atlantic
Beach, for Respondents.

WALLIS, J.

Petitioner, Hani N. Jada, seeks a writ of prohibition following the denial

of his second motion to disqualify the presiding judge, wherein he alleged

that the judge commented on the allegations of bias contained within the first motion to disqualify. "A writ of prohibition is the proper procedure for appellate review to test the validity of a motion to disqualify." Time Warner Ent. Co. v. Baker, 647 So. 2d 1070, 1071 (Fla. 5th DCA 1994).

Florida Rule of General Practice and Judicial Administration 2.330(h) clearly informs a trial judge against whom an initial motion to disqualify is filed that he "may determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged." The same rule further explains that "[n]o other reason for denial shall be stated, and an order of denial shall not take issue with the motion." Fla. R. Gen. Prac. & Jud. Admin. 2.330(h).

The Florida Supreme Court has provided additional guidance by stating that:

> Regardless of whether respondent ruled correctly in denying the motion for disqualification as legally insufficient, our rules clearly provide, and we have repeatedly held, that a judge who is presented with a motion for his disqualification "shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification." When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification.

Bundy v. Rudd, 366 So. 2d 440, 442 (Fla. 1978) (Internal citations omitted).

2

Furthermore, while a judge may "explain the status of the record" when denying a motion to disqualify, if the trial court "comments on the validity or truthfulness of the motion's allegations of bias, prejudice, or partiality, the judge creates an independent ground for disqualification." Pilkington v. Pilkington, 182 So. 3d 776, 779 (Fla. 5th DCA 2015).

Here, the court's order denying the first motion went beyond merely determining the legal sufficiency of the motion or explaining "the status of the record," and instead "took issue with the motion." Fla. R. Gen. Prac. & Jud. Admin. 2.330(h). Thus, the trial court's order on the first motion violated rule 2.330(h) and created an independent basis for disqualification. Accordingly, we grant the petition for writ of prohibition.

PROHIBITION GRANTED.

EISNAUGLE, J., concurs.
SOUD, J., concurs, with opinion.

SOUD, J., concurring

Under existing Florida law, I am bound to concur with the Court's granting of this petition. To be clear, however, there is utterly nothing in the record before us that establishes any reasonable basis to suggest the respected trial judge was biased or partial.

The first motion to disqualify filed in the case under review was due to be denied because it was legally insufficient. Indeed, the record makes clear that the conclusory, speculative first motion to disqualify is fraught with conspiratorial misunderstandings of legal proceedings and determinations.

Nonetheless, for the reasons set forth in this Court's opinion, and given binding precedent, the petition *sub judice* must be granted—even if regrettably—because the trial court's order denying the first motion to disqualify did something more than simply declare the motion's legal insufficiency when it commented on certain assertions within the motion. As such, this provided an independent and legally sufficient ground for disqualification as raised in Petitioner's second motion to disqualify.

It cannot be reiterated too strongly to the esteemed trial judges in this State that, when denying motions to disqualify, less is truly more.

4