# Third District Court of Appeal
## State of Florida

Opinion filed April 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0858
Lower Tribunal No. 17-18681
_____

**Michelle Pimienta,**
Petitioner,

vs.

**David Abraham Rosenfeld,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Michelle Pimienta, in proper person.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for respondent.

Before LOGUE, C.J., and EMAS and LOBREE, JJ.

PER CURIAM.

Michelle Pimienta petitions this court for a writ of prohibition following

the trial court's denial of her motion for disqualification. We conclude the motion to disqualify was legally sufficient, solely upon the sworn allegation that the trial court refused to allow the presence of a court reporter and insisted on hearing a motion "off the record," and grant the petition.

In considering an initial motion to disqualify, a trial court "may determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged." Fla. R. Gen. Prac. & Jud. Admin. 2.330(h).[1] Thus, the facts alleged in the underlying motion to disqualify the trial judge must be accepted as true. See Wall v. State, 238 So.3d 127, 143 (Fla. 2018). "Once a basis for disqualification has been established, prohibition is both an

---

[1] In contrast to the rules governing an initial motion for disqualification, a successor judge ruling on a successive motion for disqualification "may rule on the truth of the facts alleged in support of the motion." Fla. R. Gen. Prac. & Jud. Admin. 2.330(i); see also § 38.10, Fla. Stat. (2023). While we note the filing of multiple prior motions for disqualification in this case, the record does not reflect that any predecessor judge has been previously disqualified. As such, the initial motion standard of rule 2.330(h) applied to the determination of the motion on review. See Madura v. Turosienski, 901 So. 2d 396, 398 (Fla. 2d DCA 2005) (establishing that rule on successive motions applies only to successor judges and not to successive motions to disqualify same judge or to motion to disqualify successor judge made after initial judge recused himself or herself); J & J Indus., Inc. v. Carpet Showcase of Tampa Bay, Inc., 723 So. 2d 281, 283 (Fla. 2d DCA 1998) (finding trial judge who was "not a successor judge for purposes" of applicable rule was forbidden from passing on truthfulness of facts alleged in successive motion to disqualify).

By ruling that relief is warranted herein, we do not pass upon or consider whether the allegations in the motion are true.

appropriate and necessary remedy." <u>Bundy v. Rudd</u>, 366 So. 2d 440, 442 (Fla. 1978).

Petition granted.